IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH MATTHEWS, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| KROGER TEXAS, L.P., | § | |
| Defendant | § | JURY DEMANDED |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas, L.P., in the cause styled "Elizabeth Matthews v. Kroger Texas, L.P.," originally pending as Cause No. 067-262172-12 in the 67th Judicial District Court of Tarrant County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

I.
## BASIS FOR REMOVAL

1. The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties. Kroger is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

II.
## DIVERSITY JURISDICTION

2. Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

3.  Kroger Texas L.P. at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principle place of business in Ohio. Neither KPGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

4.  Plaintiff claims that, during the course and scope of her employment with Kroger, she was injured when she slipped and fell on a recently mopped floor where there was no warning. Plaintiff contends that the accident caused severe personal injuries.[1] Plaintiff filed suit on October 11, 2013, in the 67th Judicial District Court of Tarrant County, Texas, alleging a negligence and gross negligence cause of action against Kroger.

## IV.
## THE AMOUNT IN CONTROVERSY

5.  Plaintiff admits in his Response to Defendant's Request for Admission that her damages exceed $75,000.[2] Plaintiff has claimed unspecified damages for: permanent bodily impairment; loss of earnings; loss of earning capacity; past and future mental anguish and physical pain; past and future medical expenses; and past and future physical and cognitive impairment.

---

[1] See Pl.'s Orig. Pet., attached hereto as Tab 3(a).

[2] See Pl. Elizabeth Matthew's Resp. to Def.'s Req. for Adm. to Pl. No. 1, attached hereto as Tab 1.

Plaintiff also seeks punitive damages. Based on Plaintiff's discovery responses, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

## V.
## REMOVAL IS TIMELY

6. This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b). Kroger first became aware this case was removable on or about January 11, 2013, when Kroger received Plaintiff Elizabeth Matthews Responses to Defendant's Requests for Admissions to Plaintiff. Accordingly, this removal is timely because it is made within thirty days after the receipt by Kroger of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on October 11, 2012. 28 U.S.C. § 1446(b).

## VI.
## VENUE

7. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## V.
## PROCEDURAL REQUIREMENTS

8. Kroger filed with the Clerk of the 67th Judicial District Court of Tarrant County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached:

(1) Plaintiff Elizabeth Matthews Responses to Defendant's Requests for Admissions to Plaintiff

(2) State court docket sheet (as of 2/5/13);

(3) Index of State Court Filings;

    (a) Plaintiff's Original Petition, Request for Disclosure, First Set of Interrogatories, First Requests for Production and First Requests for Admissions and Citation (10/11/12);

    (b) Defendant's Original Answer (10/29/12);

    (c) Order Setting Case for Scheduling Conference (11/7/12);

    (d) Rule 11 Agreement regarding party name (11/9/12);

    (e) Plaintiff's First Amended Petition, Request for Disclosure, First Set of Interrogatories, First Requests for Production and First Requests for Admissions and Citation (11/9/12);

    (f) Discovery and Docket Control Plan (11/20/12);

    (g) Defendant Kroger Texas, L.P.'s Original Answer (11/29/12);

    (h) Rule 11 Agreement regarding discovery deadlines (12/27/12);

    (i) Affidavit of Custodian of Medical Records – Texas Health Harris Methodist Hospital (12/31/12);

    (j) Affidavit of Custodian of Medical Records – Health First Medical Group – Fossil Creek Clinic (12/31/12);

    (k) Affidavit of Custodian of Medical Records – Touchstone Medical Imaging a/k/a Touchstone Imaging Fossil Creek (12/31/12);

    (l) Affidavit of Custodian of Billing Records – Touchstone Medical Imaging a/k/a Touchstone Imaging Fossil Creek (12/31/12);

    (m) Affidavit of Custodian of Billing Records – Sharna L. Wood, Ph.D. (12/31/12);

    (n) Affidavit of Custodian of Medical Records – Sharna L. Wood, Ph.D. (12/31/12);

(o) Affidavit of Custodian of Billing Records – Joe Ellis Wheeler, M.D., P.A. (12/31/12);

(p) Affidavit of Custodian of Medical Records – Joe Ellis Wheeler, M.D., P.A. (12/31/12);

(q) Affidavit of Custodian of Billing Records – Texas Medicine Resources, L.L.P. (12/31/12);

(r) Affidavit of Custodian of Billing Records – Texas Health Harris Methodist Fort Worth (12/31/12);

(s) Affidavit of Custodian of Medical Records – Texas Health Harris Methodist Fort Worth (12/31/12);

(t) Affidavit of Custodian of Billing Records – Questcare Partners/Questcare Medical Services, P.A. (12/31/12);

(u) Affidavit of Custodian of Billing Records – Family Medicine of North Texas – James G. Purgason, M.D. (12/31/12);

(v) Affidavit of Custodian of Medical Records – Family Medicine of North Texas – James G. Purgason, M.D. (12/31/12);

(w) Affidavit of Custodian of Billing Records – Primary Health, Inc. f/k/a Primacare d/b/a CareNow (12/31/12);

(x) Affidavit of Custodian of Medical Records – Primary Health, Inc. f/k/a Primacare d/b/a CareNow (12/31/12);

(y) Affidavit of Custodian of Billing Records – Plaza Medical Center of Fort Worth (12/31/12);

(z) Affidavit of Custodian of Medical Records – Plaza Medical Center of Fort Worth (12/31/12);

(aa) Affidavit of Custodian of Billing Records – Medstar Ambulance Services (12/31/12);

(bb) Affidavit of Custodian of Medical Records – Medstar Ambulance Services (12/31/12);

(cc) Affidavit of Custodian of Billing Records – Charles Marable, M.D. (12/31/12);

- (dd) Affidavit of Custodian of Medical Records – Charles Marable, M.D. (12/31/12);

- (ee) Affidavit of Custodian of Medical Records – Lan T. Le, D.O. (12/31/12);

- (ff) Confidentiality Order (1/18/13);

- (gg) Affidavit of Custodian of Billing Records – Baylor All Saints Medical Center (1/18/13);

- (hh) Affidavit of Custodian of Medical Records – HealthSouth CityView (1/18/13);

- (ii) Affidavit of Custodian of Billing Records – HealthSouth CityView (1/18/13);

- (jj) Affidavit of Custodian of Medical Records – Healthfirst Medical Group – Fossil Creek Clinic (1/25/13);

- (kk) Affidavit of Custodian of Billing Records – Texas Neurodiagnostic Associates, Inc. (1/25/13);

- (ll) Rule 11 Agreement (1/25/13); and

- (mm) Affidavit of Custodian of Medical Records – Shannon Clinic (1/31/13).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

_____
**Donna C. Peavler**
Attorney-in-charge
State Bar No. 00783887
dpeavler@peavlergroup.com
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlergroup.com
THE PEAVLER GROUP
3400 Carlisle Street, Suite 430
Dallas, Texas 75204
(214) 999-0550
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT
KROGER TEXAS, L.P.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the counsels of record, in accordance with the Federal Rules of Civil Procedure on February 6, 2013.

_____
Donna C. Peavler