```
          IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

ELIZABETH MATTHEWS, et al.    §
                              §
VS.                           §   CIVIL ACTION NO. 4:13-CV-090-Y
                              §
KROGER TEXAS, LP              §

<u>ORDER REGARDING AMENDED MOTIONS IN LIMINE</u>

Before the Court are the amended motions in limine of Plaintiffs and Defendant (docs. 117 & 118). After review, the Court GRANTS the motions in PART and DENIES them in part.

With respect to Plaintiffs' amended motion in limine, Defendant may not mention or produce evidence at trial that:

(1) Elizabeth Matthews may have attempted suicide as a teenager;

(2) Plaintiffs' recovery, if any, may be subject to federal income tax;

(3) A verdict in favor of Plaintiffs could result in an increase in grocery-store prices;

(4) Elizabeth Matthews has an abusive husband. Likewise, Defendant may not reference an incident where Elizabeth's husband slapped her over twenty years ago;

(5) Elizabeth Matthews may have filed workers' compensation claims in the past and other lawsuits;

(6) Elizabeth Matthews suffered abuse at the hands of her parents over thirty-five years ago;

(7) Elizabeth Matthews suffered from postpartum depression and had suicidal ideations after the birth of her child over twenty-five years ago;

(8) Elizabeth Matthews is malingering or is suffering from some form of somatoform or conversion disorder;[1]

---

[1] These matters were excluded by the Court in its order granting Plaintiffs' motion to exclude portions of certain experts' testimony (doc. 122). The rationale for excluding testimony on these matters is set out in that order.

(9) Elizabeth Matthews would make a "full recovery" if she were to seek psychiatric treatment;[2]

(10) Elizabeth Matthews "flashed" a private investigator hired by Defendant;

(11) Elizabeth Matthews's parents sought to have her institutionalized when she was a teenager;

(12) Defendant maintained a health-benefit plan in lieu of workers' compensation insurance at the time of Elizabeth Matthews's injury or that such plan is superior to workers' compensation;

(13) Any doctor recommended that Elizabeth Matthews apply for Social Security Disability or that she applied for such benefits because such testimony is inadmissible under the collateral-source rule.

The parties shall approach the bench before Defendant offers any testimony or evidence with respect to the following:

(1) The combination and number of medications taken by Elizabeth Matthews is the source of her complaints, and she would be cured if she were taken off all medications;

(2) The impact of the number of medications Elizabeth Matthews was taking at the time of Dr. Sharna Wood's neuropsychological testing;

(3) Elizabeth Matthews's neck injury suffered in 1996;

(4) There were no falls in the deli department prior to Elizabeth Matthews's fall.

Plaintiffs generally seek to exclude "any unrelated medical or physical conditions" as well as any statements that Plaintiffs' claims are frivolous or without merit. The Court DENIES the motion in limine with respect to these requests because they are not tailored to case-specific matter as required by this Court's final scheduling order. The Court also DENIES the motion to the extent that it seeks to limit

---

[2] The basis for excluding such testimony is addressed in the Court's order on Plaintiffs' motion to exclude. In short, the doctor who gave this testimony admitted that his opinion was "professional speculation."

Defendant's ability to impeach Brandi McMicken, a former employee who had been fired by Defendant.

Turning to Defendant's amended motion in limine, Plaintiffs may not mention or produce evidence of the following:

(1) That the attorneys in this lawsuit regularly represent defendant Kroger or other corporate defendants, retailers, or insurance companies. Likewise, Defendant may not refer to Plaintiffs' counsel as "trial lawyers" or mention that counsel regularly represents personal-injury clients;

(2) Evidence related to accidents or injuries involving other employees or customers of Defendant that occurred before or after Elizabeth Matthews's fall, unless Plaintiffs can show that such incidents occurred under substantially similar circumstances and are relevant;

(3) That Defendant's decision to opt out of workers' compensation and self insure is illegal or improper;

(4) Medical records reflecting the gross amount charged, without showing the amount actually paid/incurred by Plaintiffs;

(5) Evidence referencing Defendant's finances, ability to pay, sales, or revenue. Also, Plaintiffs may not mention or attempt to compare Defendant's financial position to that of Plaintiffs;

(6) Evidence regarding sports-related head injuries. Additionally, Plaintiffs shall not attempt to compare Elizabeth Matthews's injury to sports-related head injuries.

Defendant also seeks to exclude any expert testimony where such expert is not made available live at the proceedings for cross-examination and is not otherwise "unavailable" under Federal Rule of Evidence 804. Defendant does not specify which expert this request applies to, and the Court has already allowed for the introduction of the videotaped deposition testimony of several witnesses either because the expert lived out of state or because Defendant agreed to the introduction of the expert's videotaped deposition testimony.

Further, in their response to Defendant's motion in limine, Plaintiffs represent that their remaining retained experts will testify live at trial. As such, Defendant's motion is DENIED with respect to expert deposition testimony, but without prejudice to raising the objection in the context of trial should it be necessary.

Defendant's request to exclude evidence or testimony regarding OSHA regulations or ANSI standards is also DENIED. Under Texas law, OSHA regulations are admissible because they are relevant to the standards of conduct that should have been employed by the defendant. *Wal-Mart Stores, Inc. v. Seale*, 904 S.W.2d 718, 720 (Tex. App.—San Antonio 1995, no writ).

Defendant's motion is also DENIED with respect to its request that any testimony regarding the source of the liquid on the floor in the deli area or how long the liquid had been on the floor when Elizabeth Matthews fell be excluded. The Court's ruling is without prejudice to Defendant's ability to raise an objection to such testimony in the context of trial.

Finally, counsel for Plaintiffs and Defendant are instructed not to refer to the opposing side's amended motion in limine or otherwise suggest that the opposing party has sought to exclude from proof any matter on the issues in this cause.

SIGNED August 27, 2015.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE